IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   15-cv-01324-LTB-NYW

FARROKH FARHANGNIA,

        Plaintiff,
v.

BOULDER VALLEY SCHOOL DISTRICT,

        Defendant.

_____

ORDER
_____

      Plaintiff, Farrokh Farhangnia, filed a *pro se* complaint in Boulder County District Court on May 4, 2015, asserting a claim for employment discrimination based on national origin, pursuant to 42 U.S.C. §2000e-5, against Defendant Boulder Valley School District. [Doc #4] Defendant removed the case to this Court under federal question/original jurisdiction pursuant to 28 U.S.C. §1331. [Doc #1]

      Defendant also filed a Motion to Dismiss, on June 19, 2015, seeking dismissal for Plaintiff's failure to establish subject matter jurisdiction. [Doc #2]   Plaintiff failed to respond to the Motion to Dismiss and, as a result, on November 17, 2015, I ordered him to show good cause as to why Defendant's Motion to Dismiss should not be granted and the action dismissed for his failure to respond on or before December 1, 2015. [Doc #9]  As of the day of this order, December 29, 2015, Plaintiff has not responded to my Order to Show Cause.

      Plaintiff's failure to respond to the Motion to Dismiss (filed in June of 2015) and my subsequent Order To Show Cause (dated November 17, 2015) constitutes sufficient grounds for

dismissal of his case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007)(noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute"). In addition, the local rules provide that "[i]f good cause is not shown within the time set in the show cause order, a district judge . . . may enter an order of dismissal with or without prejudice." D.C.COLO.LCivR 41.1.

I am to consider the following criteria when determining whether a dismissal with prejudice pursuant to Rule 41(b) is warranted:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)(internal quotations and citations omitted). When a litigant appears *pro se,* the court must more carefully assess whether other less extreme sanctions would be appropriate. *Id.* at 920 n. 3. Under this flexible framework, dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007)(*quoting Ehrenhaus v. Reynolds, supra*, 965 F.2d at 921). In this case, Plaintiff's failure to respond to the Motion to Dismiss and my Order to Show Cause, when considered under the *Ehrenhaus* factors, constitutes sufficient grounds for dismissal with prejudice under Rule 41(b).  With regard to the first *Ehrenhaus* factor, Plaintiff's apparent

abandonment of this action impedes Defendant from fully and promptly resolving the claims asserted against it in this lawsuit.  Plaintiff's failure to respond and to prosecute this action with due diligence has caused actual prejudice to Defendant.  *See Gripe v. City of Enid, Okl*., 312 F.3d 1184, 1188 (10th Cir. 2002)(concluding that the district court rested its dismissal order on appropriate considerations under the *Ehrenhaus* test when it found that "on at least two occasions plaintiff's failure to follow court orders and rules had inconvenienced and prejudiced defendants and the court").

With regard to the second *Ehrenhaus* factor, Plaintiff's failure to respond interferes completely with the judicial process.  His initial failure to respond to the Motion to Dismiss might be deemed understandable, in light of his *pro se* status, but his subsequent disregard of my Order to Show Cause, specifically requiring his response by a date certain, is a clear interference with the judicial advancement of the case he initiated.  Moreover, his refusal to respond or participate in this litigation hinders the "just, speedy, and inexpensive" determination of this action, in direct contravention of Federal Rule of Civil Procedure 1.  Finally, Plaintiff's noncompliance with the judicial process, by failing to respond or comply with the Court's orders, flouts the Court's authority, in satisfaction of the second factor under *Ehrenhaus v. Reynolds, supra*.

In consideration of the third *Ehrenhaus* factor, Plaintiff is the sole individual responsible for his failure to respond or litigate this action.  I note that Defendant has, in its Motion to Dismiss filed in June of 2015, indicated that it attempted to contact Plaintiff via phone and email but it understands "that Plaintiff is out of the country and not readily available to confer." [Doc #2]  However, even if Plaintiff is out of the country, there is nothing in the record that might

indicate that blame or culpability for his failure to participate in this litigation lies with any other individual or circumstance.

With regard to the fourth *Ehrenhaus* factor, Plaintiff was explicitly warned of the consequences of his failure to respond in my Order to Show Cause which directed Plaintiff to "show good and sufficient cause if any he has in writing why Defendant's Motion to Dismiss should not be granted and this action and complaint dismissed for failure to respond to the pending Motion." [Doc #9]   When the trial court has expressly identified dismissal as a likely sanction, as here, this prong is clearly met. *See Ecclesiastes v. LMC Holding, supra,* 497 F.3d at 1149 (citations omitted).

Finally, with regard to the fifth and final *Ehrenhaus* factor, the Court finds that lesser sanctions would be ineffective.  Considering Plaintiff's inability to respect the Court's authority by complying with explicit instructions, the efficacy of lesser sanctions – that is, dismissal without prejudice – would apparently not curb Plaintiff's conduct and would continue to unduly prejudice Defendant. *See Rueb v. Zavaras*, 2011 WL 4501947 (D. Colo.  2011)(unpublished).

Therefore, under the totality of the relevant circumstances, and for the reasons stated, I conclude that the *Ehrenhaus* factors surmounts the usual predisposition to resolve cases on the merits, and weighs heavily in favor of dismissal of this case, with prejudice, under Rule 41(b).


ACCORDINGLY, pursuant to Fed.R.Civ.P. 41(b) and the factors in *Ehrenhaus v. Reynolds*, *supra*, I ORDER that Plaintiff's claim(s) in this matter be DISMISSED WITH PREJUDICE for Plaintiff's failure to prosecute this action by declining to respond to

Defendant's Motion to Dismiss [Doc #2], and failing to comply with the Order to Show Cause issued by the Court [Doc #9].

Dated:   December   29  , 2015 in Denver, Colorado.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE